# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Jesse Ray Bennett,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 12-144 ADM/JJG
Civil No. 18-993 ADM

_____

Allen A. Slaughter, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Jesse Ray Bennett, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Jesse Ray Bennett's ("Bennett") 28 U.S.C. § 2255 Motion ("2255 Motion") [Criminal Docket No. 45].[1] In his 2255 Motion, Bennett argues that he was unlawfully sentenced as an armed career criminal because a predicate Minnesota conviction for first degree burglary no longer is a qualifying offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). For the reasons set forth below, Bennett's Motion is denied.

## II. BACKGROUND

During the early morning of November 11, 2011, Bennett and his friends returned to an apartment he shared with his girlfriend after consuming alcohol at several area bars. Presentence Investigation Report ("PSR") ¶ 6. Bennett became upset with a neighbor who complained to police about noise at Bennett's apartment. Id. ¶ 7. Bennett then armed himself with both a .40

_____

[1] All docket citations are to the Criminal Docket.

caliber Smith & Wesson semiautomatic pistol and a Remington Model 870 12-gauge shotgun. Id. Before Bennett could confront the neighbor, two of his friends intervened. The .40 caliber pistol discharged and struck one of the friends in the head. Id. ¶ 8. Bennett fled the scene on foot, hid the firearms along a nearby fence, and eluded police until he was arrested nearly two weeks later. Id. ¶¶ 8–9.

On June 5, 2012, Bennett was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). See Indictment [Docket No. 1]. On August 1, 2012, Bennett entered a plea of guilty pursuant to a plea agreement. See Min. Entry [Docket No. 27].

The PSR determined that Bennett was an armed career criminal based on his previous conviction of three violent felonies or serious drug offenses: 1) second degree aggravated robbery, 2) second degree assault, and 3) first degree burglary. PSR ¶ 25. Bennett did not challenge his ACCA status at his sentencing. On November 8, 2012, Bennett was sentenced to the mandatory minimum sentence of 180 months imprisonment. See Sentencing J. [Docket No. 35] at 2; PSR ¶ 76. Bennett did not directly appeal his sentence.

### III. DISCUSSION

**A. Section 2255 Standard**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and

which, if untreated, would result in a miscarriage of justice. See Poor Thunder v. United States, 810 F.2d 817, 821–22 (8th Cir. 1987).

**B. Timliness**

Section 2255 includes a one-year statute of limitations provision that runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Bennett argues that his 2255 Motion is timely under § 2255(f)(4). See 2255 Motion at 2. He claims he is entitled to relief because a district court determined that a Minnesota first degree burglary conviction does not qualify as a predicate ACCA offense. See United States v. Willis, No. 11-13, 2017 WL 1288362, at *1 (D. Minn. Apr. 6, 2017). The Willis case arose in the aftermath of Johnson v. United States, 135 S. Ct. 2255 (2015), which invalidated the residual clause of the ACCA and was made retroactively applicable to cases on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016).

3

The Government argues that Bennett's 2255 Motion must be dismissed as untimely because none of the events in § 2255(f) applies. Bennett resists this conclusion by arguing that his motion is timely because it was filed within one year from the issuance of the Willis decision. Bennett argues that "[b]ecause the Willis court was the first explicit decision invalidating Minnesota First Degree Burglary, and because Petitioner was sentenced as an Armed Career Criminal pursuant to 18 U.S.C. 924(e) because of the same, this court has jurisdiction to decide [his case] on the merits." 2255 Motion at 2.

Bennett's motion is barred by the one-year limitation provision. Bennett's argument that § 2255(f)(4) applies is unavailing because Willis is a legal ruling not a fact. See E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006) (stating a judicial decision does not qualify as a new fact under § 2255(f)(4)). Section 2255(f)(3) also does not apply because Willis is not a Supreme Court case recognizing a new right made retroactively applicable on collateral review. Since Bennett did not directly appeal his sentence, he was required to file his 2255 Motion before November 30, 2013. Because the 2255 Motion was not filed until April 9, 2018, it is untimely.

## C. Merits

Even if Bennett's 2255 Motion was timely, which it is not, it fails on the merits. In Johnson, the Supreme Court invalidated the residual clause of the ACCA. Johnson, however had no effect on the "force" or "enumerated" clauses of the ACCA. Accordingly, post-Johnson, "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is

burglary, arson, . . . extortion, [or] involves the use of explosives," remains a predicate offense. See Johnson, 135 S. Ct. at 2563; 28 U.S.C. § 924(e)(2)(B).

Bennett does not challenge his convictions of second degree aggravated robbery or second degree assault, but argues that the reasoning in Willis applies here to invalidate his first degree burglary conviction. The Court disagrees. Willis did not consider whether subdivision 1(c) of Minnesota's first degree burglary statute qualifies as a violent felony under the force clause of the ACCA. See Willis, 2017 WL 1288362, at *2. Bennett was specifically charged with and convicted of first degree burglary under Minnesota Statute § 609.582, subd. 1(c), which states that "the burglar assaults a person within the building." Minn. Stat. § 609.582, subd. (c); Gov't Resp. [Docket No. 47] Ex. 4, Ex. 6. In his first degree burglary case, Bennett, armed with a semiautomatic pistol and a sword hidden in a cane, entered the residence of an individual without permission and demanded money he believed was owed to him. PSR ¶ 37. When the victim refused to pay, Bennett unsheathed the sword and stabbed the victim in the forehead. Id. Minnesota law defines assault as: "(1) an act done with the intent to cause fear in another of immediate bodily harm or death; or (2) the intentional infliction of or attempt to inflict bodily harm upon another." United States v. Lindsey, 827 F.3d 733, 739 (8th Cir. 2016); Minn. Stat. § 609.02, subd. 10. Because Bennett's conviction under Minn. Stat. 609.582 subd. 1(c) necessarily required the use, attempted use, or threatened use of physical force against another, it qualifies as a violent felony under the force clause of the ACCA. Because all three of Bennett's convictions remain as predicate ACCA felonies in the wake of Johnson, Bennett remains an armed career criminal.

### D. Appointment of Counsel

Bennett's request for appointment of counsel is denied. A court may appoint counsel to represent a financially eligible person seeking relief under § 2255 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Here, the interests of justice do not require appointment of counsel because Bennett's claims lack merit for the reasons described above.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in Bennett's Motion would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jesse Ray Bennett's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Motion to Appoint Counsel [Docket No. 45] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 26, 2018.